# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2011

No. 11-30057

Lyle W. Cayce
Clerk

RICHARD BLAUSTEIN, ET AL

Plaintiffs

v.

BURT DAVID HUETE,

Defendant - Appellant

v.

TIMOTHY MAIER; CHRISTOPHER MAIER; MAIER & MAIER, P.L.L.C.,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-1357

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

This appeal from an order to arbitrate arises out of a patent dispute, which involves the inventors, an LLC in which the inventors were members, and a law firm hired to draft a patent application. The issues before us concern the nature

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the relationship among these parties and which parties are bound to an arbitration agreement between the LLC and the law firm. The district court dismissed Inventor Burt David Huete's claims against the law firm, holding that Huete, as a direct beneficiary of the fee agreement between the LLC and the law firm, was estopped from litigating this dispute in violation of the agreement's terms. For the reasons that follow, we AFFIRM.

## I.

Burt David Huete claims that he, along with Richard and Gail Blaustein, invented a wireless device called "the Stalker." Huete filed a provisional patent for the Stalker in October 2006. The inventors formed an LLC, Special Projects Limited ("SPL"), to market the Stalker, and retained Timothy and Christopher Maier of Maier & Maier, P.L.L.C. ("the Maiers") to prepare a non-provisional patent application. The Maiers's fee agreement, which listed SPL as the client, contained a clause requiring arbitration of disputes related to the agreement and another clause requiring any litigation to be brought in a court in Northern Virginia. Richard Blaustein and Burt David Huete signed the fee agreement on SPL's behalf.

Huete contends that after the execution of this agreement, the Blausteins conspired with the Maiers to extinguish his patent rights, creating a conflict of interest in the Maiers's representation of his interests. According to Huete, the patent application the Maiers prepared was deficient in a number of ways, causing the inventors to lose the continuity intended to come from a provisional patent.

## II.

Huete sued the Blausteins and other members of SPL in state court. The Blausteins, in turn, sued Huete in federal court, where the two suits were consolidated. Both the Blausteins and Huete amended their respective pleadings to add claims against their attorneys, the Maiers. Against the Maiers,

No. 11-30057

Huete pled claims of legal malpractice, negligence, breach of fiduciary duty, and breach of an implied contract.

The Maiers moved to dismiss on several grounds. On September 11, 2009, the district court found that Huete was a party to the fee agreement and was thus bound to arbitration; it dismissed all of Huete's claims. *Blaustein v. Huete*, 2009 WL 2982928, at *3-*4 (E.D. La. Sept. 11, 2009).

Huete appealed the district court's ruling, which was reversed and remanded by a panel of the Fifth Circuit on June 18, 2010. *Blaustein v. Huete*, 2010 WL 7097472, at *1-*2 (5th Cir. June 18, 2010). The panel found that because Huete signed the fee agreement in a representative capacity, he was not personally bound. *Id.* at *1. The panel did not, however, "foreclose the possibility that Huete can be held to the arbitration agreement as a non-party beneficiary." *Id.* at *2. The panel remanded the case to the district court to decide whether Huete, as a non-signatory, could be bound to the agreement under principles of contract and agency law. *Id.*

On remand, the Maiers filed another motion to dismiss, asserting that the doctrine of direct benefits estoppel required Huete to arbitrate his individual claims. The district court granted the Maiers's motion to dismiss on that basis on December 22, 2010, finding that Huete knowingly sought and obtained direct benefits from the fee agreement and asserted claims stemming from that agreement. Huete appeals.

### III.

Huete contends that the district court erred in applying the doctrine of direct benefits estoppel to bind him to the arbitration agreement between SPL and the Maiers. He argues that any benefit he would have received under the agreement was indirect and that he actually "received" detriment because the Maiers performed their services poorly. Huete also argues that he and the Blausteins had separate attorney-client relationships with the Maiers and that

3

No. 11-30057

these relationships, not the relationship embodied in the fee agreement, form the basis of his claims.  Lastly, Huete argues that enforcing the fee agreement against him would violate Louisiana's public policy against allowing attorneys to compel arbitration with clients.

The Maiers counter that Huete was aware of the terms of the fee agreement and received client-like benefits from it.  They argue that the allegations in Huete's complaint require referencing the fee agreement, and that there is no public policy in Louisiana against arbitration between attorneys and clients.  The Maiers also argue that the district court's order bound Huete to the forum selection clause in the fee agreement and that Huete, by neglecting discussion of the forum selection clause in his primary brief, has waived any argument that he is not bound to litigate in Northern Virginia.  In the Maiers's view, this waiver necessitates dismissal of this appeal, and they filed a motion to dismiss advancing this position after oral argument.

IV.

A.

We review a district court's application of the doctrine of direct benefits estoppel for abuse of discretion.  *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 (5th Cir. 2010) (citing *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000)).  A district court abuses its discretion where it erroneously applies the law or makes a clearly erroneous assessment of the facts.  *Id.* at 473.

"[S]o long as there is some written agreement to arbitrate, a third party may be bound to submit to arbitration.  Ordinary principles of contract and agency law may be called upon to bind a non-signatory to an agreement whose terms have not clearly done so."  *Bridas S.A.P.I.C. v. Gov't of Turkm.*, 345 F.3d 347, 355-56 (5th Cir. 2003) (internal citation omitted).  Direct benefits estoppel is one theory by which non-signatories may be bound to arbitrate.  *Hellenic Inv.*

No. 11-30057

*Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517 (5th Cir. 2006). The theory applies to "'non-signatories who, during the life of the contract, have embraced the contract despite their non-signatory status but then, during litigation, attempt to repudiate the arbitration clause in the contract.'" *Id.* at 517-18 (quoting *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 200 (3d Cir. 2001)). "A non-signatory can 'embrace' a contract containing an arbitration clause in two ways: (1) by knowingly seeking and obtaining 'direct benefits' from that contract; or (2) by seeking to enforce the terms of that contract or asserting claims that must be determined by reference to that contract." *Noble*, 620 F.3d at 473.

Huete "embraced" the fee agreement between SPL and the Maiers in both respects. He obtained the same sort of benefits from the fee agreement that a client would have received: research, reasoning, drafting, and filing, all informed by the Maiers's legal training. Huete received these benefits as a member of SPL because he formed SPL for that purpose. Had SPL not existed, Huete would have had to hire his own patent attorney to perform these tasks. The only way this benefit could have been any more direct were if Huete had been an actual party to the fee agreement, in which case we would not need to consider an estoppel theory. Huete's subjective assessment that these services were so poorly rendered that they were not benefits cannot control our analysis. That question is grounded in the merits of the claim, not in its arbitrability.

Huete's claims, whether they all enforce the fee agreement or not, must be determined, at least in part, by reference to that agreement. He specifically alleges that the Maiers "failed to exercise reasonable care, skill and diligence in performing legal services for SPL, Huete and other inventors." It is impossible to square this allegation with Huete's argument that his claims are all based on attorney-client relationships separate from the written fee agreement. Assuming every other pled allegation relates to some unwritten attorney-client

5

No. 11-30057

relationship, this allegation, which includes SPL by name, must relate to an attorney-client relationship in which SPL was a party.  SPL was a party to the attorney-client relationship formed by the fee agreement; therefore this claim, at least, invites us to reference the fee agreement.  In the light of these considerations, we cannot agree that the district court abused its discretion in applying direct benefits estoppel to compel Huete to arbitrate.

Nor are we willing to negate the arbitration provision based on conjecture about Louisiana's public policy.  Huete cites no authoritative pronouncement of that policy, and it is not our place to pronounce the public policy of a state.

### B.

The foregoing discussion moots the Maiers's motion to dismiss this appeal based on the forum selection clause.  The district court analyzed the single issue of direct benefits estoppel, with two implications in this case: first, Huete's relationship with the arbitration clause, and second, his relationship with the forum selection clause.  The district court held that Huete is "estopped from relying on his non-signatory status to avoid the arbitration and forum selection clauses . . . ."  This conclusion followed the court's general discussion of direct benefits estoppel's applicability.  Although Huete's primary brief did not discuss the forum selection clause separately, neither did the district court's order.

The issue below, and the focus of our review, is whether Huete is bound by the arbitration clause and forum selection clause because of direct benefits estoppel.  We hold that the district court did not abuse its discretion in applying direct benefits estoppel, and we have acknowledged the implications that flow from that doctrine's application to this case.

Accordingly, the district court's order dismissing Huete's claims pending arbitration is

AFFIRMED.